UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division

STANLEY TWOMEY AND JANET
TWOMEY,

    Plaintiff,                                   CASE NO.

v.

PENNYMAC LOAN SERVICES, LLC,

    Defendant.
_____/

## COMPLAINT

Plaintiffs, Stanley Twomey and Janet Twomey (the "Twomeys"), by and through their undersigned counsel, hereby sue Defendant, PennyMac Loan Services, LLC (hereinafter "Pennymac"), and allege as follows:

### INTRODUCTION

1. This action is being brought seeking to redress the persistent, systematic and institutionalized disregard of the consumer protection laws of the United States of America and the State of Florida. This action further seeks to temporarily and permanently enjoin any further activities that fly in the face of laws designed and enacted to protect consumers, especially those already facing the difficult prospect of losing their home and running the very real and likely risk of having their families forced to live on the street – even after being subjected to harassing collection practices.

### PARTIES

2. Plaintiffs, the Twomeys are individuals whose residence is Hollywood, FL.

– 2 –

3.     Defendant, PennyMac, is an American multinational diversified financial services company with operations around the world and is authorized to and does conduct business in the counties covered by the Southern District of Florida.  Defendant, PennyMac is purportedly the servicer, owner or, at a minimum, is the alleged holder or possessor of a certain note and mortgage on real property located in Florida.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this cause arises under the laws of the United States of America.

5.     Venue is properly set in this Court pursuant to 28 U.S.C. § 1391(b) because the conduct complained of took place within the boundaries of the district in which this Court sits.

## GENERAL ALLEGATIONS

6.     The Twomeys retained the services of the Law Firm of Morris | duPont, PA ("MD") on or about January 19, 2011 to represent their interests relating to obtaining a modification on the mortgage held on their home by Wells Fargo Bank, PennyMac's predecessor in interest.

7.     As is its customary practice and procedure, MD sent a Borrower's Authorization directly to Wells Fargo on January 19, 2011, advising of the Twomeys retention of MD and further requesting that all communications to the Twomeys in this regard immediately cease.

8.     The Twomeys mortgage was transferred to PennyMac Loan Services, LLC effective August 4, 2011.

9.     Pennymac began to systematically and persistently harass the Twomeys through repeated phone calls. In response to the Twomeys complaint regarding the constant phone calls, MD, sent strongly worded Cease and Desist letters dated September 15, 2011, September 30, 2011, and then again on October 25, 2011 warning PennyMac of the potential liability being

– 3 –

sought in the instant action. A copy of the Cease and Desist Letters are attached hereto as "Composite Exhibit A".

10. Despite PennyMac's awareness of MD's representation of the Twomeys, PennyMac continued call the Twomeys demanding payment on the loan. Undaunted and undisturbed by the threat of litigation, PennyMac's calls to the Twomeys not only intensified, but began to be made to the Twomeys' place of emp loyment. The Twomeys have obtained a printout from TracFone which chronicles the abusive and persistent calls from PennyMac.

11. All conditions prior to the commencement of this action have occurred or have been waived.

## COUNT I

**(Violation of The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.)**

12. The Twomeys reallege the allegations contained in paragraphs 1 to 11 above.

13. PennyMac is a debt collector as that term is defined in 15 U.S.C. § 1692a(6).

14. The Twomeys are consumers as defined in 15 U.S.C. § 1692a(5).

15. At all times material hereto, PennyMac knew the Twomeys were represented by MD with respect to the note it sought to collect on.

16. PennyMac had knowledge of, or could readily ascertain such MD's name and address.

17. At no time did MD give PennyMac permission nor did MD consent to PennyMac's direct contact and communication with the Twomeys.

18. PennyMac, by and through its actions violated the terms and requirements of 15 U.S.C. § 1692c (2) by continuing to make systematic, frequent, and incessant direct contact with the Twomeys even after MD had sent a Borrower's Authorization and three Cease and Desist letters directly to PennyMac.

WHEREFORE, the Twomeys demand judgment against PennyMac for all damages allowable under 15 U.S.C. § 1692k, including compensatory and punitive damages and damages for emotional distress, pre and post judgment interest, reasonable costs including, but not limited to, attorneys fees and such further and additional relief as the Court deems just and proper.

## COUNT II

**(Violation of Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 et seq.)**

19. The Twomeys reallege the allegations contained in paragraphs 1 to 11 above.

20. PennyMac is a debt collector as that term is defined in Fla. Stat. § 559.55(6).

21. The Twomeys are debtors or consumers as defined in Fla. Stat. § 559.55(2).

22. At all times material hereto, PennyMac knew the Twomeys were represented by MD with respect to the note it sought to collect on.

23. PennyMac had knowledge of, or could readily ascertain such MD's name and address.

24. At no time did MD give PennyMac permission nor did MD consent to PennyMac's direct contact and communication with the Twomeys.

25. At no time did the Twomeys initiate any communication with PennyMac.

26. PennyMac, by and through its actions violated the terms and requirements of Fla. Stat. § 559.72(18) by continuing to make systematic, frequent, and incessant direct contact with the Twomeys even after MD had sent a Borrower's Authorization and three Cease and Desist letters directly to PennyMac.

WHEREFORE, the Twomeys demand judgment against PennyMac for all damages allowable under Fla. Stat. § 559.77, including compensatory and punitive damages and damages for emotional distress, pre and post judgment interest, reasonable costs including, but not limited

to, attorneys fees as well as temporarily and permanently enjoining PennyMac from further violations and granting them such further and additional relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

The Twomeys demand trial by jury on all issues so triable.

Dated, this 25th day of September, 2012.

                                      Respectfully submitted,

**Morris | duPont, PA**
8785 NW 13th Terrace
Miami, Florida 33172
305.444.3437 - Phone
305.597.0496 - Fax


By:    s/ J. Wil Morris
        J. Wil Morris
        Florida Bar No. 069493